IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| ONSCREEN DYNAMICS, LLC, § § § *Plaintiff*, § § v. § § SEWELL AUTOMOTIVE COMPANIES, § INC., UDM COMPANY, LLC, UDM2 § COMPANY, LLC, and DFW RINGS, LLC, § § *Defendants*. § | CASE NO. 2:24-cv-00709 |

## DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT

### TO THE HONORABLE UNITED STATES DISTRICT JUDGE GILSTRAP:

Defendant Sewell Automotive Companies, Inc., UDM Company, LLC, UDM2 Company, LLC, and DFW Rings, LLC (collectively "Sewell") file this Answer (the "Answer") to Plaintiff Onscreen Dynamics, LLC's ("Plaintiff" or "Onscreen") Complaint (the "Complaint") (Dkt. 1). Sewell Answers and avers as follows, with the numbered paragraphs corresponding to the like-numbered paragraphs of the Complaint. Except as hereinafter specifically admitted, qualified, or affirmatively alleged, Sewell denies each and every allegation, matter, or thing contained in the Complaint. Sewell specifically denies that Plaintiff is entitled to any relief whatsoever from Sewell.

The opening paragraph of the Complaint is an introductory paragraph that does not require a response from Sewell.

### THE PARTIES

.   Sewell is without information sufficient to admit or deny the allegations regarding Plaintiff's place of business in Paragraph 1, and therefore denies them.

.     Sewell admits that Defendant Sewell Automotive Companies, Inc. is a corporation organized and existing under the laws of Texas and conducts business in Texas. Sewell otherwise denies the allegations of Paragraph 2 of the Complaint but admits that it provides advertising and other services for affiliated entities that operate at the locations listed in Paragraph 2 of the Complaint.

.     Sewell admits that Defendant UDM Company, LLC ("UDM") is a limited liability company organized under the laws of Texas. Sewell also admits that UDM has a location at 1111 E. State Hwy 114, Grapevine, Texas 76051. Sewell denies the remaining allegations of Paragraph 3 of the Complaint, including that 1111 E. State Hwy 114, Grapevine, Texas 76051 is located in this Judicial District.

.     Sewell admits that Defendant UDM2 Company, LLC ("UDM2") is a limited liability company organized under the laws of Texas. Sewell also admits that UDM2 has a location at 6800 Dallas Pkwy, Plano, TX 75024. Sewell denies the remaining allegations of Paragraph 4.

.     Sewell admits that Defendant DFW Rings, LLC ("DFW Rings") is a limited liability company organized under the laws of Texas. Sewell also admits that DFW Rings has a location at 6650 State Highway 121, McKinney, TX 75070. Sewell denies the remaining allegations of Paragraph 5.

**JURISDICTION AND VENUE**

.     Sewell admits the allegations of Paragraph 6 of the Complaint.

.     Sewell denies the allegations of Paragraph 7 of the Complaint.

.     Sewell admits to conducting business within the state of Texas, but denies the remaining allegations of Paragraph 8 of the Complaint.

.        Sewell admits to conducting business within the state of Texas, but denies the remaining allegations of Paragraph 9 of the Complaint.

.        Sewell admits to conducting business within the state of Texas, but denies the remaining allegations of Paragraph 10 of the Complaint.

## FACTUAL BACKGROUND

**U.S. Patent No. 9,395,917**

.        Sewell admits that information on the face of the patent, attached to the Complaint as Exhibit A, states that the United States Patent and Trademark Office issued U.S. Patent No. 9,395,917 (the "'917 patent") entitled "Electronic Display with a Virtual Bezel" on July 19, 2016, but denies the remaining allegations of Paragraph 11 of the Complaint.

.        Sewell is without information sufficient to admit or deny the allegations regarding Plaintiff's rights, title and interest in to the '917 patent in Paragraph 12 of the Complaint, and therefore denies them.

.        Sewell denies the allegations of Paragraph 13 of the Complaint.

.        Sewell admits that the information on the face of the '917 patent indicates there are 17 claims.

.        Sewell admits that the '917 patent includes the quote "an electronic device is provided comprising a touchscreen display with at least two components, a primary touchscreen display area capable of processing a first set of touch-based inputs from a user of the electric device, and a secondary touchscreen display area which can be called a 'virtual bezel,' since it may be used to prevent any unintended touch of a user's hand with the touchscreen display, avoiding an unexpected interaction." Sewell is without information sufficient to admit or deny the remaining allegations of Paragraph 15 of the Complaint.

.	Sewell is without information sufficient to admit or deny the allegations of Paragraph 16 of the Complaint.

.	Sewell is without information sufficient to admit or deny the allegations of Paragraph 17 of the Complaint.

.	Sewell is without information sufficient to admit or deny the allegations of Paragraph 18 of the Complaint.

.	Sewell is without information sufficient to admit or deny the allegations of Paragraph 19 of the Complaint.

.	Sewell is without information sufficient to admit or deny the allegations of Paragraph 20 of the Complaint.

.	Sewell is without information sufficient to admit or deny the allegations of Paragraph 21 of the Complaint.

.	Sewell is without information sufficient to admit or deny the allegations of Paragraph 22 of the Complaint.

.	Sewell admits that the information on https://patents.google.com/patent/US9395917B2/en indicates that Microsoft Technology Licensing, LLC, Amazon Technologies, Inc., Samsung Electronics Co., Ltd., and the USPTO have cited the '917 patent, but is without information sufficient to admit or deny the remaining allegations of Paragraph 23 of the Complaint.

.	Sewell is without information sufficient to admit or deny the allegations of Paragraph 24 of the Complaint.

.	Sewell is without information sufficient to admit or deny the allegations of Paragraph 25 of the Complaint.

. Sewell is without information sufficient to admit or deny the allegations of Paragraph 26 of the Complaint.

. Sewell is without information sufficient to admit or deny the allegations of Paragraph 27 of the Complaint.

. Sewell is without information sufficient to admit or deny the allegations of Paragraph 28 of the Complaint.

. Sewell is without information sufficient to admit or deny the allegations of Paragraph 29 of the Complaint.

. Sewell is without information sufficient to admit or deny the allegations of Paragraph 30 of the Complaint.

. Sewell is without information sufficient to admit or deny the allegations of Paragraph 31 of the Complaint.

**U.S. Patent No. 9,645,663**

. Sewell admits that information on the face of the patent, attached to the Complaint as Exhibit B, states that the United States Patent and Trademark Office issued U.S. Patent No. 9,645,663 (the "'663 patent") (collectively, with the '917 patent, the "Asserted Patents") entitled "Electronic Display with a Virtual Bezel" on May 9, 2017, but denies the remaining allegations of Paragraph 32 of the Complaint.

. Sewell is without information sufficient to admit or deny the allegations regarding Plaintiff's rights, title and interest in to the '663 patent in Paragraph 33 of the Complaint, and therefore are denied.

. Sewell denies the allegations of Paragraph 34 of the Complaint.

.	Sewell admits that the information on the face of the '663 patent indicates there are 18 claims.

.	Sewell is without information sufficient to admit or deny the allegations of Paragraph 36 of the Complaint.

.	Sewell is without information sufficient to admit or deny the allegations of Paragraph 37 of the Complaint.

.	Sewell is without information sufficient to admit or deny the allegations of Paragraph 38 of the Complaint.

.	Sewell is without information sufficient to admit or deny the allegations of Paragraph 39 of the Complaint.

.	Sewell is without information sufficient to admit or deny the allegations of Paragraph 40 of the Complaint.

.	Sewell is without information sufficient to admit or deny the allegations of Paragraph 41 of the Complaint.

.	Sewell is without information sufficient to admit or deny the allegations of Paragraph 42 of the Complaint.

.	Sewell is without information sufficient to admit or deny the allegations of Paragraph 43 of the Complaint.

.	Sewell admits that the information on https://patents.google.com/patent/US9395917B2/en indicates that Microsoft Technology Licensing, LLC, Amazon Technologies, Inc., Samsung Electronics Co., Ltd., and the USPTO have cited the '663 patent, but is without information sufficient to admit or deny the remaining allegations of Paragraph 44 of the Complaint.

. Sewell is without information sufficient to admit or deny the allegations of Paragraph 45 of the Complaint.

. Sewell is without information sufficient to admit or deny the allegations of Paragraph 46 of the Complaint.

. Sewell is without information sufficient to admit or deny the allegations of Paragraph 47 of the Complaint.

. Sewell is without information sufficient to admit or deny the allegations of Paragraph 48 of the Complaint.

. Sewell is without information sufficient to admit or deny the allegations of Paragraph 49 of the Complaint.

. Sewell is without information sufficient to admit or deny the allegations of Paragraph 50 of the Complaint.

. Sewell is without information sufficient to admit or deny the allegations of Paragraph 51 of the Complaint.

. Sewell is without information sufficient to admit or deny the allegations of Paragraph 52 of the Complaint.

. Sewell is without information sufficient to admit or deny the allegations of Paragraph 53 of the Complaint.

### COUNT 1 – INFRINGEMENT OF U.S. PATENT 9,395,917

. Sewell incorporates by reference its responses to all preceding paragraphs as if fully repeated and restated herein. To the extent this paragraph requires a response, Sewell denies the allegations set forth in Paragraph 54 of the Complaint.

. Sewell denies the allegations set forth in Paragraph 55 of the Complaint.

.      Sewell denies the allegations set forth in Paragraph 56 of the Complaint.

.      Sewell denies the allegations set forth in Paragraph 57 of the Complaint.

.      Sewell denies the allegations set forth in Paragraph 58 of the Complaint.

.      Sewell denies the allegations set forth in Paragraph 59 of the Complaint.

### COUNT II – INFRINGEMENT OF U.S. PATENT NO. 9,645,663

.      Sewell incorporates by reference its responses to all preceding paragraphs as if fully repeated and restated herein. To the extent this paragraph requires a response, Sewell denies the allegations set forth in Paragraph 60 of the Complaint.

.      Sewell denies the allegations set forth in Paragraph 61 of the Complaint.

.      Sewell denies the allegations set forth in Paragraph 62 of the Complaint.

.      Sewell denies the allegations set forth in Paragraph 63 of the Complaint.

.      Sewell denies the allegations set forth in Paragraph 64 of the Complaint.

.      Sewell denies the allegations set forth in Paragraph 65 of the Complaint.

### ANSWER TO THE JURY DEMAND

This paragraph sets forth Plaintiff's demand for a trial by jury on all issues so triable to which no response is required.

### [PLAINTIFF'S] PRAYER FOR RELIEF

To the extent any response is required to any paragraph of Plaintiff's Prayer for Relief, Sewell denies that Plaintiff is entitled to any of the requested relief and denies any allegations of its Prayer for Relief. Sewell further denies each and every allegation in the Complaint to which it has not specifically responded.

## JURY TRIAL DEMAND

Sewell respectfully requests a trial by jury of all issues so triable, pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## SEWELL'S AFFIRMATIVE DEFENSES

Upon information and belief, and subject to its responses above, Sewell alleges and asserts the following defenses in response to the allegations of the Complaint, without admitting or acknowledging that Sewell bears the burden of proof as to any of them or that any must be pleaded as defenses. Regardless of how such defenses are listed herein, Sewell undertakes the burden of proof only as to those defenses that are deemed affirmative defenses as a matter of law. Sewell expressly reserves the right to amend or raise additional defenses pursuant to any docket control order or as additional information becomes available through further investigation and discovery.

Sewell incorporates by reference the factual background recited *infra* in paragraphs 1 to 65.

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

Plaintiff's Complaint fails to state facts sufficient to constitute a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

### (Non-Infringement)

Sewell does not infringe and has not infringed any of the Asserted Patents directly, indirectly, literally, under the doctrine of equivalents, or in any other manner, and is not liable for infringement of any valid and enforceable claim of any of the Asserted Patents.

### THIRD AFFIRMATIVE DEFENSE

### (Invalidity)

The claims of the Asserted Patents are invalid for failure to comply with the requirements of Title 35 of the United States Code, including, without limitation, 35 U.S.C. §§ 102, 103, 112, and/or 116. For example, each claim is invalid as claiming concepts already known to the public at the time of the alleged invention. Prior art that invalidates the claims of the Asserted Patents will be set forth in Sewell's invalidity contentions, amendments, and proposed amendments thereto.

### FOURTH AFFIRMATIVE DEFENSE

### (Statutory Limit on Damages)

Plaintiff's claim for damages, equitable relief, and/or costs is statutorily limited by 35 U.S.C. §§ 286, 287, and/or 288. For example, Plaintiff is barred by 35 U.S.C. § 287 from recovering damages in this case due to Plaintiff's, Plaintiff's licensees', or Plaintiff's predecessors in interest's failure to mark.

### FIFTH AFFIRMATIVE DEFENSE

### (No Exceptional Case)

Plaintiff cannot prove that this is an exceptional case justifying award of attorney fees against Sewell pursuant to 35 U.S.C. § 285.

### SIXTH AFFIRMATIVE DEFENSE

### (Waiver, Estoppel, Acquiescence, Unclean Hands)

Plaintiff's claims are barred, in whole or in part, or its remedies limited, by the doctrines of waiver, implied waiver, estoppel, acquiescence, and/or unclean hands.

## SEVENTH AFFIRMATIVE DEFENSE

### (Prosecution History Estoppel)

Plaintiff's claims for relief are barred in whole or in part by prosecution history estoppel and/or prosecution history disclaimer based on amendments, statements, admissions, omissions, representations, disclaimers, and/or disavowals made by the applications for the Asserted Patents.

## EIGHTH AFFIRMATIVE DEFENSE

### (No Injunctive Relief)

Plaintiff's claims for relief are barred in whole or in part because Plaintiff is not entitled to injunctive relief. Any alleged injury to Plaintiff is not immediate or irreparable and Plaintiff has an adequate remedy at law.

## NINTH AFFIRMATIVE DEFENSE

### (Statutory Limitation)

To the extent certain equipment accused of infringing the Asserted Patents are used by and/or manufactured for the United States Government, Plaintiff's claims involving Sewell with respect to such equipment may not be pursued in this Court and are subject to other limitations pursuant to 28 U.S.C. § 1498.

## TENTH AFFIRMATIVE DEFENSE

### (Acts of Others)

The claims made in the Complaint are barred, in whole or in part, because Sewell is not liable for the acts of others over whom it has no control.

## ELEVENTH AFFIRMATIVE DEFENSE

### (No Causation)

Plaintiff's claims against Sewell are barred because Plaintiff's damages, if any, were not caused by Sewell.

## TWELFTH AFFIRMATIVE DEFENSE

### (License, Implied License, Exhaustion)

Plaintiff's claims for patent infringement are precluded in whole or in part (i) to the extent that any allegedly infringing products or components thereof are supplied, directly or indirectly, to Sewell by any entity or entities having express or implied licenses or covenant not to sue or assert to the Asserted Patents and/or (ii) under the doctrine of patent exhaustion.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Patent Misuse)

Plaintiff's claims are barred, in whole or in part, by the defense of patent misuse.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Reservation of Defenses)

Sewell reserves all affirmative defenses under Rule 8(c) of the Federal Rules of Civil Procedure, the patent laws of the United States, and any other defenses at law or in equity that may exist now or that may be available in the future, including (but not limited to) those related to the unenforceability of any claim of the Asserted Patents based on inequitable conduct, based on discovery and further factual investigation in this action. Assertion of a defense is not a concession that Sewell has the burden of proving the matter asserted.

## SEWELL'S COUNTERCLAIMS

Without admitting any of the allegations of the Complaint other than those expressly admitted herein, and without prejudice to the right to plead any additional counterclaims as the facts of the matter warrant, pursuant to Rule 13 of the Federal Rules of Civil Procedure, UDM Company, LLC, UDM2 Company, LLC, and DFW Rings, LLC (collectively "Dealership Defendants") asserts the following Counterclaims against Plaintiff Onscreen Dynamics, LLC ("Plaintiff" or "Onscreen"):

### I. THE PARTIES

1. Defendant UDM Company, LLC's ("UDM") is a limited liability company organized under the laws of Texas with a principal place of business at 1111 E. State Hwy 114, Grapevine, Texas 76051.

2. Defendant UDM2 Company, LLC's ("UDM2") is a limited liability company organized under the laws of Texas with a principal place of business at 6800 Dallas Pkwy, Plano, TX 75024.

3. Defendant DFW Rings, LLC's ("DFW Rings") is a limited liability company organized under the laws of Texas with a principal place of business at 6650 State Highway 121, McKinney, TX 75070.

4. Upon information and belief, and based on Onscreen's allegations in its Complaint, Onscreen is a limited liability company organized and existing under the laws of the State of Delaware with a principal place of business at 6000 Shepherd Mountain Cove, Ste 1604, Austin, Texas 78730.

### II. JURISDICTION AND VENUE

5. These counterclaims arise under the patent laws of the United States, Title 35, United States Code. The jurisdiction of this Court is proper under at least 25 U.S.C. § 271 *et seq.*, and 28 U.S.C. §§ 1331, 1338, and 2201-02.

6. This Court has jurisdiction over these counterclaims pursuant to 28 U.S.C. §§ 1331, 1338(a), and 2201(a).

7. This Court has personal jurisdiction over Onscreen, as Onscreen consented to personal jurisdiction by commencing this action for patent infringement in this judicial district.

8. Onscreen has consented to venue in this Court by bringing this action against Sewell, and thus venue for Sewell's counterclaims is proper in this district, although a different venue may be more convenient.

9. Onscreen has filed suit in this Court against Sewell for alleged infringement of one of more claims of each of the Asserted Patents in this action. Accordingly, there is an actual, continuing, and justiciable controversy arising under the Patent Act, 35 U.S.C. §§ 1, *et. seq.* between Onscreen, on the one hand, and Sewell, on the other, concerning the alleged infringement by Sewell of the Asserted Patents.

10. Dealership Defendants deny that it infringes any valid or enforceable claim of the Asserted Patents. In view of the foregoing, there exists an actual and justiciable controversy between the parties with respect to the alleged infringement of the Asserted Patents.

### III. COUNTERCLAIMS
### FIRST COUNTERCLAIM—DECLARATION OF NON-INFRINGEMENT
### (U.S. PATENT NO. 9,395,917)

11. The Dealership Defendants re-allege and incorporate by reference, as if fully set forth herein, all preceding paragraphs above.

12. Onscreen alleges that the Dealership Defendants have infringed and continue to infringe at least claims 1, 2, 4, 7, and 9 of the '917 patent.

13. The Dealership Defendants deny that they infringe any valid claim of the '917 patent.

14. The Dealership Defendants do not make, use, sell, offer for sale, and/or import any product, platform, or service that practices every element of any claim of the '917 patent, including but not limited to claims 1, 2, 4, 7, and 9, at least because the Dealership Defendants do not make, use, sell, offer to sell, or import any product, platform, or service that includes or practices the following exemplary limitations: "a virtual bezel area, said virtual bezel area having a touchscreen layer with a first mode of response to a first set of touch-based inputs from a user of said virtual bezel display screen, said virtual bezel area functioning to display a first portion of content on said virtual bezel display screen"; "an active touchscreen region substantially disposed within said virtual bezel area, said active touchscreen region having a touchscreen layer with a second mode of response to said first set of touch-based inputs from the user of said virtual bezel display screen, said active touchscreen region functioning to display a second portion of said content on said virtual bezel display screen"; and "a gestural software application in communication with said virtual bezel display screen, said gestural software application functioning to produce said first mode of response in said virtual bezel area, wherein said first mode of response is configured to selectively interpret touch-based inputs as intentional user input intended to affect the display of the second portion of the content on the active touchscreen region."

15. For these, and other reasons to be established through discovery, the Dealership Defendants deny that they infringe any valid claim of the '917 Patent.

16. There is an actual and justiciable controversy between Onscreen and the Dealership Defendants arising under the Patent Act, 35 U.S.C. §§ 1, *et. seq.*, concerning Onscreen's allegations that the Dealership Defendants infringe the '917 Patent.

17. The Dealership Defendants are entitled to a judicial declaration that they have not and do not infringe any valid, enforceable claim of the '917 Patent.

18. Absent a declaration that the Dealership Defendants do not infringe the '917 Patent, Onscreen will continue to wrongfully assert the '917 Patent against the Dealership Defendants and thereby cause the Dealership Defendants irreparable harm and injury.

## SECOND COUNTERCLAIM—DECLARATION OF NON-INFRINGEMENT
### (U.S. PATENT NO 9,645,663)

19. The Dealership Defendants re-allege and incorporate by reference, as if fully set forth herein, all preceding paragraphs above.

20. Onscreen alleges that the Dealership Defendants have infringed and continue to infringe at least claims 1, 2, 3, 6, 8, 9, and 11 of the '663 patent.

21. The Dealership Defendants deny that they infringe any valid claim of the '663 patent.

22. The Dealership Defendants do not make, use, sell, offer for sale, and/or import any product, platform, or service that practices every element of any claim of the '663 patent, including but not limited to claims 1, 2, 3, 6, 8, 9, and 11, at least because the Dealership Defendants does not make, use, sell, offer to sell, or import any product, platform, or service that includes or practices the following exemplary limitations: "a touch-sensitive display screen configured to display content to a user of the electronic device"; an active touchscreen region of the display screen having a touchscreen layer with a first mode of response to a first set of touch-based inputs from the user of the electronic device, the active touchscreen region configured to display a first portion of the content on the display screen"; "a virtual bezel region along one or more edges of the display screen and adjacent to the active touchscreen region, the virtual bezel region having a touchscreen layer with a second mode of response to a second set of touch-based inputs from a

user of the electronic device, the virtual bezel region configured to display a second portion of the content on the display screen"; and "non-transitory memory storing a gestural software application in communication with the display screen, the gestural software application configured to produce the second mode of response in the virtual bezel region, wherein the second mode of response is configured to selectively interpret touch-based inputs as intentional user input intended to affect the display of the first portion of the content on the active touchscreen region of the display screen."

23. For these, and other reasons to be established through discovery, the Dealership Defendants deny that it infringe any valid claim of the '663 Patent.

24. There is an actual and justiciable controversy between Onscreen and Dealership Defendants arising under the Patent Act, 35 U.S.C. §§ 1, *et. seq.*, concerning Onscreen's allegations that the Dealership Defendants infringe the '663 Patent.

25. The Dealership Defendants are entitled to a judicial declaration that it has not and does not infringe any valid, enforceable claim of the '663 Patent.

26. Absent a declaration that the Dealership Defendants do not infringe the '663 Patent, Onscreen will continue to wrongfully assert the '663 Patent against the Dealership Defendants and thereby cause the Dealership Defendants irreparable harm and injury.

### THIRD COUNTERCLAIM—DECLARATION OF INVALIDITY
### (U.S. PATENT NO. 9,395,917)

27. The Dealership Defendants re-allege and incorporate by reference, as if fully set forth herein, all preceding paragraphs above.

28. An actual case or controversy exists between the Dealership Defendants and Onscreen as to whether the '917 patent is invalid.

29. Each claim of the '917 Patent is invalid because the patents and the alleged inventions therein fail to comply with the requirements of 35 U.S.C. § 1 *et seq.*, including, without

limitation, 35 U.S.C. §§ 101, 102, 103, and/or 112. For example, each claim of the '917 patent is invalid over at least prior art and U.S. publications listed on the face of the patent and products such as the Tesla Model S.

30. A judicial declaration is necessary and appropriate so that the Dealership Defendants may ascertain its rights as to whether the '917 patent is invalid.

31. This is an exceptional case under 35 U.S.C. § 285 because Onscreen filed its Complaint with knowledge of the facts stated in this Counterclaim.

### FOURTH COUNTERCLAIM—DECLARATION OF INVALIDITY
### (U.S. PATENT NO. 9,645,663)

32. The Dealership Defendants re-allege and incorporate by reference, as if fully set forth herein, all preceding paragraphs above.

33. An actual case or controversy exists between the Dealership Defendants and Onscreen as to whether the '663 patent is invalid.

34. Each claim of the '663 Patent is invalid because the patents and the alleged inventions therein fail to comply with the requirements of 35 U.S.C. § 1 *et seq.*, including, without limitation, 35 U.S.C. §§ 101, 102, 103, and/or 112. For example, each claim of the '663 patent is invalid over at least prior art and U.S. publications listed on the face of the patent and products such as the Tesla Model S.

35. A judicial declaration is necessary and appropriate so that the Dealership Defendants may ascertain its rights as to whether the '663 patent is invalid.

36. This is an exceptional case under 35 U.S.C. § 285 because Onscreen filed its Complaint with knowledge of the facts stated in this Counterclaim.

### IV.     RESERVATIONS

Sewell reserves the right to supplement and/or amend their defenses and/or counterclaims as discovery proceeds in this case.

## V. DEMAND FOR JURY TRIAL

In accordance with Rule 38 of the Federal Rules of Civil Procedure and Local Rule CV-38, Sewell respectfully demands a trial by jury on all issues so triable in this action.

## VI. REQUEST FOR RELIEF

Sewell respectfully requests that this Court enter judgment as follows:

1. A judgment dismissing Onscreen's Complaint against Sewell with prejudice;

2. A judgment in favor of Sewell on all of its Defenses;

3. A judgment denying any relief whatsoever, including but not limited to injunctive relief, in favor of Onscreen;

4. A judgment in favor of the Dealership Defendants on its Counterclaims;

5. A judgment that Sewell has not infringed any valid or enforceable claim of any of the Asserted Patents;

6. A judgment that this action is an exceptional case within the meaning of 35 U.S.C. § 285 and that Sewell is entitled to recover its reasonable attorneys' fees upon prevailing in this action;

7. An award to Sewell of its fees and expenses of litigation, including but not limited to attorneys' fees and costs;

8. A judgment limiting or barring Onscreen's ability to enforce the Asserted Patents in equity;

9. Such other and further relief as this Court may deem just and proper.

Dated: November 4, 2024                    Respectfully submitted,

*/s/ Monica Litle Goff*
E. Leon Carter
Texas Bar No. 03914300
Joshua J. Bennett
Texas Bar No. 24059444
jbennett@carterarnett.com
Michael C. Pomeroy
Texas Bar No. 2409852
Monica Litle Goff
Texas Bar No. 24102101
mgoff@carterarnett.com
Alexis Ritzer
Texas Bar No. 24115116
**CARTER ARNETT BENNETT & PEREZ PLLC**
8150 N. Central Expressway, Suite 500
Dallas, Texas 75206
T: 214.550.8188 | F: 214.550.8185

**ATTORNEYS FOR DEFENDANTS SEWELL AUTOMOTIVE COMPANIES, INC., UDM COMPANY, LLC, UDM2 COMPANY LLC, and DFW RINGS, LLC**